IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WAYNE MICHAEL HOWES                                                   PLAINTIFF

       v.                     Civil No. 13-2208

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Wayne Howes, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.  Procedural Background**:

Plaintiff filed his DIB application on March 9, 2011[2], alleging an onset date of September 1, 2010, due to a heart attack post stenting, migraines, and arthritis. Tr. 121-127, 180-181, 188-194, 197-198. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 112-115, 121-131. An administrative hearing was held on May 21, 2012. Tr. 25-52. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] Prior applications were denied at the administrative hearing level in 1992, and at the initial level in 2010. Tr. 53, 140, 144, 150-151.

AO72A
(Rev. 8/82)

At the time of the hearing, Plaintiff was 53 years old and possessed a high school education. Tr. 19, 28. He had past relevant work (PRW) experience as a grounds keeper, rough neck, and CNC machinist. Tr. 19, 162-169.

On January 25, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's status post myocardial infarction with stenting did not meet or equal any Appendix 1 listing. Tr. 13-15. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work. Tr. 15-19. Utilizing the Medical Vocational Guidelines, the ALJ concluded that Plaintiff was not disabled. Tr. 19-20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 10, 2013. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 17, 19.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.    Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

2

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age,

AO72A
(Rev. 8/82)

education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

**III.　Discussion**:

Plaintiff raises the following issues on appeal: 1) the ALJ failed to fully and fairly develop the record, 2) the ALJ erred as to his credibility analysis, and 3) the ALJ erred as to his RFC determination. We disagree. For the reasons enumerated below, we find substantial evidence supports the ALJ's decision in this case.

　　**A.　Develop the Record:**

Plaintiff contends that the ALJ failed to fully and fairly develop the record by failing to seek out further clarification regarding the severity of his impairments. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that the decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994).

　　The ALJ concluded that Plaintiff's migraine headaches, neck and back pain, vision problems, arthritis, and hearing problems were not severe impairments. A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory

4

diagnostic techniques, and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and not only by claimant's statement of symptoms. 20 C.F.R. § 404.1508.

### 1. Migraine headaches:

We do note that Plaintiff was diagnosed with migraine headaches on May 20, 2010, by the medical personnel at Health and Wellness of Sequoyah County. Tr. 246-248. At that time, he was prescribed Maxalt and scheduled to receive his prescription and refills through the prescription assistance program. Although Plaintiff did report a history of migraine headaches at subsequent medical appointments and emergency room evaluations, we can find no evidence to suggest that he sought out treatment for continued migraines after this date. *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) (impairments controllable and amenable to treatment do not support a finding of disability). There is nothing in the record to suggest that additional evidence exists to show that Plaintiff's headaches were severe. Accordingly, we find substantial evidence to support the ALJ's conclusion that Plaintiff's migraine headaches were not severe.

### 2. Neck and back pain:

Likewise, we can discern no evidence to indicate that Plaintiff was ever treated for his alleged neck and back pain. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider). In June 2011, when Plaintiff underwent a general physical examination, he was noted to have a full range of motion in all joints and no muscle weakness, atrophy, or sensory abnormalities were noted. Tr. 348-353. The doctor did diagnose Plaintiff with disk space narrowing at the C5-6 level; mild disk space narrowing at the L5-S1; and mild arthritis of the hands, shoulders, and hips. However, these

5

impairments were noted to cause no "significant dysfunction." Accordingly, it is clear to the undersigned that Plaintiff's neck and back pain did not significantly limit his ability to perform work-related activities. And, again, there is no indication that additional evidence exists that would refute this finding.

### 3.    Vision Problems:

Plaintiff also asserts that his vision problems constitute a severe impairment. A review of the record reveals that Plaintiff does have decreased visual acuity in the left eye. Tr. 348-353. However, there is no indication that this condition was incapable of correction via glasses or contact lenses. And, we can discern no evidence to indicate that this condition has resulted in significant limitations. Plaintiff certainly did not voice any complaints concerning his vision to his doctors.

### 4.    Hearing Problems:

Plaintiff's alleged difficulty hearing is not documented in the record. And, we can find no evidence in the hearing transcript that Plaintiff required special accommodations for the administrative hearing, due to a hearing impairment. Therefore, we do not believe the ALJ was obligated to seek out further evidence concerning this impairment.

### 5.    Status Post Myocardial Infarction Status Post Stenting:

Lastly, the evidence does make clear that Plaintiff suffered from a myocardial infarction in September 2010. Tr. 287-337. However, testing revealed stent placement with excellent results and complete resolution of Plaintiff's chest discomfort. In November 2010, Plaintiff denied chest pain at a follow-up appointment with the Health and Wellness Center of Sequoyah County. Tr. 249-250. Further, no pain was mentioned in a December 2010 follow either. Tr.

6

251-252. Plaintiff did complain of chest pain in February 2011, however, testing revealed that his pain was related to a hiatal hernia. Tr. 257-286. No further complaints of chest pain were documented in the record, and we do not find that clarification is warranted.

### B.    Credibility Analysis:

The Plaintiff contends that the ALJ failed to provide any solid, substantiated reasons for discrediting his testimony. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).

After reviewing the evidence, we note that the ALJ enumerated the following reasons for discrediting Plaintiff's testimony: 1) the evidence fails to establish the existence of arthritis or

7

a hearing disorder; 2) Plaintiff's treatment seeking behavior is not consistent with his allegations of disabling symptoms; 3) the Plaintiff continued to smoke, in spite of being advised by his doctor's to quit; 4) cardiac catheterization and angiography revealed no stenosis after the balloon angioplasty and stent placement; 5) following the September 2010 stent placement, Plaintiff experienced no further chest pain, shortness or breath, or other symptoms commonly associated with coronary artery disease until February 2011; 6) diagnostic testing and imaging performed in February 2011 revealed no evidence of acute ischemic changes and resulted in a diagnosis of chest pain secondary to dyspepsia; 7) subsequent treatment records reveal no ongoing treatment for symptoms commonly associated with coronary artery disease or abnormal heart functioning; 8) Plaintiff failed to report any medication side effects to his physicians; 9) treatment records documenting a history of migraine headaches failed to indicate that this condition was unresponsive to treatment; 10) the objective medical evidence reveals only mild disk space narrowing in the cervical and lumbar spine with no significant functional limitations; and, 11) Plaintiff failed to seek out treatment for back and neck pain. *See Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012) (credibility determination is entitled to deference, because it was based on multiple valid reasons).

The Plaintiff admits that he failed to follow-up with a cardiologist following his heart attack in 2010 and failed to seek out consistent treatment for his remaining impairments, but contends that his failure to do so is justified by his financial inability to obtain treatment. We do note that the record contains numerous references to his need for the $4.00 generic prescriptions at Wal-Mart and the fact that his name brand prescriptions were obtained through the prescription program. However, the evidence also reveals that Plaintiff was aware of the low

cost/indigent medical services offered through the Good Samaritan Clinic, availing himself of said services on at least one occasion. Further, Plaintiff was able to afford cigarettes for a period of time during the relevant time period. Given these facts, we can not say that the Plaintiff has shown that his financial status has prevented him from obtaining medical treatment or medication for his alleged impairments. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (holding that the ALJ correctly discounted the plaintiff's subjective complaints when there was no evidence that the plaintiff was ever denied medical treatment due to financial reasons); *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (noting that despite the claimant's claim that he could not afford medication, there was no evidence that he chose to forgo smoking three packs of cigarettes a day to help finance pain medications).

### C. RFC Determination:

In his final argument, the Plaintiff disputes the ALJ's RFC assessment, arguing that it does not take into consideration his reported pain and the limitations related to his hands. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).

9

For the reasons asserted in the above section analyzing the ALJ's duty to fully and fairly develop the record, we do not find that the record supports a finding that Plaintiff suffers from additional limitations not listed in the RFC determination.  Specifically, the general physical exam conducted in June 2011 revealed no range of motion limitations, no muscle weakness or atrophy, no gait or coordination difficulties, normal grip strength in both hands, the ability to hold a pen and write, the ability to touch fingertips to palm, the ability to oppose thumb to fingers, the ability to walk on heel and toes, and the ability to squat and arise from a squatting position.  The examining doctor noted mild arthritis "without significant dysfunction."  And, Plaintiff failed to seek out medical attention for any of the impairments he now seeks to have included in his RFC.

Plaintiff also asserts that he suffers from problems with concentration, persistence, and pace.  However, once again, we can find no support for these limitations in the record.  In November 2010, it was noted that Plaintiff's insight and judgment were appropriate, as were his mood and affect.  Tr. 249-250.  Plaintiff voiced no complaints concerning his ability to concentrate and maintain pace on this date or any other date.  As such, we do not find that ALJ erred by failing to include the Plaintiff's self imposed limitations in the RFC determination.

IV. **Conclusion**:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus recommends that the decision be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

AO72A
(Rev. 8/82)

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 1st day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)